UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Arnst,

Plaintiff,

v.

Associated Materials Handling (Minnesota) Inc.,

Defendant.

Civil No. 01-1520 JMR/FLN

**REPORT AND RECOMMENDATION**

Ian S. Laurie, Esq., for Plaintiff.
Nell E. Mathews, Esq., for Defendant.

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on August 18, 2003, on Plaintiff's Motion for Attorneys' Fees and Costs [#63]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends that Defendant's Motion be **GRANTED in part** and **DENIED in part**, and that Mr. Arnst be awarded $74,528.87 in fees and $2,677.62 in costs for a total of $77,206.49.

## I. INTRODUCTION

Mr. Arnst brought this case under the Americans with Disabilities Act (ADA) alleging he was terminated because of his diabetes. Mr. Arnst retained the law firm of Laurie & Laurie in July 2001. Initially, Mr. Arnst proceeded under an hourly fee arrangement. Subsequently, Mr. Arnst and Laurie & Laurie agreed that Mr. Arnst would pay either two-thirds of the hourly amount the firm actually billed, or 1/3 of Mr. Arnst's recovery, whichever was higher. Mr. Arnst has thus far paid

AUG 29 2003

the firm $14,781.17.

On May 9, 2003 Mr. Arnst was awarded $47,494.90 in damages by a unanimous jury verdict. This amount represents $17,494.80 in lost wages and benefits and $30,000 for emotional distress. Chief Judge Rosenbaum entered an order for judgment on May 13, 2003. Mr. Arnst now requests attorneys' fees in the amount of $122,778.50 and costs of $4,023.14.

## II. DISCUSSION

### A. Attorneys' Fees

The ADA gives the court discretionary authority to grant the prevailing party attorneys' fees. See 42 U.S.C. § 12205. A plaintiff is a prevailing party under the act when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." See Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).

It is in the district court's discretion to determine whether the fee amount requested is reasonable in light of the level of success achieved. See Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). The district court has discretion to determine the amount of the award because it has the greatest understanding of the proceedings in the case. See Shrader v. OMC Aluminum Boat Group, Inc., 128 F.3d 1218, 1220 (8th Cir. 1997). The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, also known as the lodestar amount. See Hensley, 461 U.S. at 433. In determining the reasonableness of a fee award, the district court may reduce the award when it determines that the hourly fee for the lawyers was excessive. See Shrader, 128 F.3d at 1221-22.

Beyond calculating the lodestar amount, the Court may also reduce the fee award based on

the success achieved in the case. When a plaintiff obtains substantial relief and the lawsuit consists of closely related claims, the fee award is not reduced simply because the plaintiff did not prevail on every argument presented. See Hensley, 461 U.S. at 435. However, where a plaintiff obtains partial or limited success, the district court may reduce the fee to reflect a relationship to the results obtained. See id. at 435-36. The various possible causes of action under the ADA are considered closely related claims by the Eighth Circuit. See Shrader, 128 F.3d at 1221 (claims of actual disability, perceived disability, and reasonable accommodation were closely related).

Associated Material Handling (AMH) does not dispute that Mr. Arnst is the prevailing party. Rather, AMH contends that the amount of the attorneys' fees is unreasonable because: Mr. Arnst was only partially successful, he seeks fees for work on meritless motions, and the award is not proportionate to the amount Mr. Arnst was awarded in damages.

Plaintiff's counsel submitted evidence that they billed their client Mr. Arnst $74,528.87. (Affidavit of Ian Laurie, Ex. 1). This figure represents the hours charged at the lawyers' regular rates from July 2002 to January 2, 2003, plus the hours charged at the reduced two-thirds rate for the remainder of the case. This Court concludes that a reasonable hourly rate is two-thirds of the lawyers' regular charges, or the amount that the firm actually charged Mr. Arnst for the majority of the case. This Court may consider the nature and length of the professional relationship with the client, the customary fee and whether the fee is fixed or contingent when determining the reasonableness of attorneys' fees. See Hensley, 461 U.S. at 430 n. 3. Laurie & Laurie was willing to accept a reduced rate for their work on this case and was aware that they might only collect two-thirds of their regular rates. The $74,528.87 amount is the most that the firm could ever collect from its client under the second retainer agreement. Under the circumstances of this case, the Court

concludes that the fee Plaintiff negotiated with his attorney is the best measure of what a reasonable fee in this case would be. We recommend that the Plaintiff be awarded $74,528.87 in attorneys' fees as documented in Ian Laurie's Affidavit.

**B. Costs**

Mr. Arnst claims costs or expenses in the amount of $4,023.14 for copy costs, messenger services etc. Absent explicit statutory authority to the contrary, courts may not exceed the limitations on taxable costs enumerated in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Costs above those allowed by statute should only be awarded sparingly. See Hiegel v. Hill, 771 F.2d 358 (8th Cir. 1985). This Court finds that various items requested as costs by Mr. Arnst are not taxable and therefore should be deducted from the award.

Computer-assisted research charges, such as Westlaw charges, are a component of the attorneys' fees and therefore cannot be independently assessed as an item of cost in addition to the attorneys' fee award. See Standley v. Chilhowee R-IV School Dist., 5 F.3d 319, 325 (8th Cir. 1993); Leftwich v. Harris-Stowe State College, 702 F.2d 686, 695 (8th Cir.1983). The detailed list of costs charged in the case is attached to the Affidavit of Ian Laurie as Exhibit 2. That list contains $846.78 in legal research charges that will be subtracted from the award of costs.

Generally photocopying expenses are recoverable costs under 28 U.S.C. 1920(4) for copies of papers necessarily obtained for use in the case. See Sphere Drake Ins. PLC v. Trisko, 66 F Supp. 2d 1088, 1093 (D. Minn. 1999). However, copying expenses may not be taxed if the costs were incurred by a party copying their own "pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their clients; nor does [§1920] cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of

counsel." id. (citing Emmenegger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127, 1133 (E.D. Mo. 1998)). Mr. Arnst claims photocopying expenses of $78.14. There are three separate entries for photocopying, but the Plaintiff has not categorized the photocopying charges to explain the purpose of the specific charges. Because there is no way for the Court to assess if these costs are taxable under § 1920, we conclude that the costs for photocopying should be reduced by half to $39.07.

Mr. Arnst also seeks as costs various expenses that are generally considered overhead costs or out-of-pocket expenses. Mr. Arnst requests an award of travel expenses for the attorneys involved in the case, including mileage and flight tickets. Attorneys' travel expenses are generally not allowable costs under § 1920. See UNI-Systems, Inc. v. Delta Air Lines, Inc., 2002 WL 505914, *3 (D. Minn. 2002) (citing Wahl v. Carrier Mfg. Co. Inc., 511 F.2d 209, 217 (7th Cir. 1975); Hollenbeck v. Falstaff Brewing Corp., 605 F. Supp. 421, 439 (D. Mo. 1984)); see also Martino v. United States, 2002 WL 459069, *4 (D. Minn. 2002). The travel expenses requested by Mr. Arnst will be deducted from the award of costs. Further, office expenses such as postage, messengers, deliveries, telephone, and parking are not taxable costs under § 1920. See Uni-Systems, Inc., 2002 WL 505914 at *3. These are not litigation expenses but are items "normally associated with the practice of law and are commonly referred to as overhead costs." See id. The overhead costs and travel expenses requested by Mr. Arnst totaling $459.67 will be deducted from the award. The total costs that this Court will disallow for travel expenses, legal research overhead expenses, and copying charges equals $1,345.52 leaving an award of $2,677.62 in costs.

## III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Attorneys' Fees and Costs [#63] be **GRANTED in**

**part** and **DENIED in part** as follows:

1. To the extent the Motion requests a fully compensatory fee the motion should be **DENIED**. A reasonable rate for this case should be two-thirds of the firm's regular rates;

2. Mr. Arnst should be awarded $74,528.87 in attorneys' fees;

3. Mr. Arnst should be awarded $2677.62 in costs; and

4. The total award for attorneys' fees and costs equals $77,206.49.

DATED: August 28, 2003

FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.